WAYLAND FEAMSTER, *Executor, et al. v.* G. D. MILLER *et al.*

(No. 7169)

Submitted February 9, 1932.    Decided February 16, 1932.

*T. C. Townsend,* State Tax Commissioner, and *J. E. Peck,* for the State.

*Fitzpatrick, Brown & Davis* and *McDaniel Purcell,* for appellees.

LIVELY, JUDGE:

The state complains of a decree of the circuit court of Logan County of May 11, 1931, entered in the above entitled cause, which decree sustained the demurrer to the state's petition tendered and filed in that suit.

The suit is for the purpose of enforcing a vendor's lien against two tracts of land conveyed by plaintiff Feamster and others to G. D. Miller on April 4, 1924. These two tracts contained about ten and one-half acres of land near the town of Man in Logan County which was subsequently laid off into town lots by Miller and placed on the market. In 1925, these two tracts were charged to him as acreage on the land books, and have been so charged ever since without deduction of lots conveyed therefrom. These tracts were returned delinquent for 1925 taxes and sold and purchased by the state in December, 1927. The delinquent taxes thereon for 1926 and 1927 have not been paid. There has been no redemption from these sales. In due course, the auditor certified the two tracts to the commissioner of school lands of Logan County, who gave notice to and summoned Miller to appear before the circuit Court on the first day of the May Term, 1931, to answer a bill praying for the sale of the two parcels of land for the benefit of the school fund. In the meantime, the vendor's lien suit was begun at November Rules, 1930, and was matured at March Rules, 1931, and the cause referred to a commissioner in chancery who filed his report, which was confirmed by a decree of May 11, 1931, and special commissioner was in that decree appointed to sell the land in the inverse order of alienation unless the liens against the same were paid, which liens had been adjudicated according to the report, in the order of their dignity and priority. No provision was incorporated in this decree for the payment of the taxes on the two tracts. On May 11, 1931, the state filed its petition in the suit setting up the assessment for taxes for the years 1925, 1926 and 1927, the delinquencies thereon, the sale to the state, and the pendency of the suit instituted by the commissioner of school lands for the purpose of selling the land for the taxes, praying to be made a party defendant therein and that the suit be consolidated with the commissioner of school lands suit then pending in order that the interests of the state might be protected in the enforcement of its taxes. Feamster's demurrer to this petition was sustained and the decree of sale, above mentioned, was then entered.

The allegations of the petition must be taken as true, on demurrer. We can see no substantial reason for denying the state the right to interplead as a party defendant and set up its claim for taxes. It was vitally interested in the suit. The land was bound for the taxes which, in the final analysis, must be paid, and the state had the right to sell the land, subject to redemption by any person having the right to redeem. It is true, as urged by Feamster, that the sale ordered by the decree would not ordinarily prevent the state from hereafter enforcing collection against the land for its taxes. The purchaser would be bound to take notice that they were not paid, and pay them or suffer another sale in a suit for that purpose. It was to the benefit of Feamster and all persons interested to have the amount of the taxes, which are first liens, to be adjudicated before sale. The purchaser, bound to take notice of non-payment of taxes, could bid more intelligently and safely. Uncertainty of the amount of the first lien would be removed and the land would likely bring more because of removal of that uncertainty. Moreover, the decree sustaining the demurrer to the petition was tantamount to holding that the state had no lien for taxes which could be set up in the vendor's lien suit; and it might be asserted, with a great degree of plausibility, that the state was, by reason of that order, precluded from thereafter asserting its claim for taxes under that adjudication. The petition averred that the state had title to the land by virtue of its purchase at the sheriff's sale, and that there had been no redemption. It was thereby asserting its title to the land in the vendor's lien suit. Sustaining the demurrer was saying that it had no title, and was not a proper party. It is elementary that the legal title to land must be before the court before sale is ordered. Illustrative of that principle is where a deed of trust has been executed on the land sought to be sold, and not only must the beneficiary be made a party, but the trustee also, because he holds the legal title. It was error to deny the state the right to set up its title and tax claims and to become a party defendant. Whether the two suits (vendor's lien suit, and the commissioner of school land suit) should

be consolidated was a matter to be determined after the state became a party, and would be addressed to the sound discretion of the trial chancellor.

*Reversed; remanded.*